# EXHIBIT B

**FILED**

DEC 29 2009

SONYA KRACKI
COUNTY CLERK
SNOHOMISH CO. WASH.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| Michael P. McCann and Diane L. McCann, Husband and Wife,<br><br>        Plaintiffs,<br><br>vs.<br><br>Quality Loan Service Corp., JPMorgan Chase Bank, a National Association successor to Washington Mutual Bank,<br><br>        Defendants | Case No.: 09 2 16346 2<br><br>COMPLAINT FOR FRAUD IN THE INDUCEMENT, BREACH OF CONTRACT, INTENTIONAL MISREPRESENTATION, NEGLIGENT MISREPRESENTATION, CONSUMER PROTECTION ACT & FEDERAL ANTI-KICKBACK REGULATION and INJUNCTIVE RELIEF |



COME NOW the plaintiffs, by and through their attorney of record, John A. Long, to bring a complaint against Defendants JPMorgan Chase Bank, a National Association successor to Washington Mutual and alleges as follows:

## 1. PARTIES

1.1   Plaintiffs are residents of Snohomish County, Washington (hereafter "McCann")

1.2   Defendant, JPMorgan Chase Bank, a National Association successor to Washington Mutual Bank, (hereafter "WAMU") is a corporation licensed to do business in the State of Washington engaged, in part, in the business of making residential mortgage loans.

Complaint for, Fraud, Misrepresentation, Reformation    Page 1
Breach of Contract, Injunction

LAW OFFICES OF JOHN A. LONG
22525 SE 64th Pl.
Second Floor
Issaquah, WA. 98027
Ph (425) 427-9660   Fax 888-735-6513

1.3     Defendant Quality Loan Servicing (Quality) is the Agent for servicing of the loan subject to this litigation and has an undisclosed interest in the obligation of McCann; and, is the trustee of a deed of trust executed by Plaintiffs to Chase and is proceeding to conduct a non judicial foreclosure of Plaintiffs property.  Quality is named herein only as its interest is affected by the claims against the obligation and to restrain conducting of the trustee sale.

## 2. JURISDICTION AND VENUE

2.1     All of the actions and agreements giving rise to the claims of McCann were entered into and performed in Snohomish County, Washington.

## 3. BACKGROUND FACTS

3.1     McCann is the owner of improved real property in Snohomish County commonly known as 12821 49th Dr. SE, Everett, WA (hereafter Property) and obtained a loan to refinance their property from Long Beach Mortgage/Washington Mutual Bank which is secured by deed of trust mortgage against the Property.

3.2     Defendant Chase is the Assignee of a loan originated by Washington Mutual to McCann and is responsible for the acts and omissions of Long Beach/Washington Mutual and its agents.

3.3     McCann consulted with Defendant Chase's mortgage broker agent and representative for a loan to refinance the Property.

3.4     At the time of application for a residential mortgage loan, lenders, including Chase, are required to make initial written disclosures regarding financing terms and costs including a good faith estimate of closing costs (GFE) and Truth In Lending Statement (TIL) within 3 days of application.

3.5     Should a mortgage broker who is not the exclusive agent of the Lender take the initial application, they too are required to make these disclosures.

Complaint for, Fraud, Misrepresentation, Reformation   Page 2
Breach of Contract, Injunction

LAW OFFICES OF JOHN A. LONG
22525 SE 64th Pl.
Second Floor
Issaquah, WA. 98027
Ph (425) 427-9660   Fax 888-735-6513

3.6     When a mortgage broker submits a loan to a lender, the lender may either provide its own initial disclosures or rely upon the mortgage brokers.

3.7     In this case, the lender (Chase) did not provide its own initial disclosures and is therefore responsible for the accuracy and compliance of the broker's disclosures.

3.8     The initial disclosure provided by the broker disclosed a loan origination fee payable to the broker of $2,808.00 and a loan discount fee payable to the lender in the amount of $5,616.00.

3.9     A loan discount is commonly understood in the residential lending industry as a fee paid to the Lender to obtain a more favorable interest rate than the borrower would otherwise be able to obtain.

3.10    The initial TIL disclosed financing for a $280,800.00 loan with a fixed interest rate for a 30 year fix term. While the loan program required monthly payments the TIL quoted bi-weekly payments instead of monthly payments which could easily mislead, and did mislead the McCanns to believe the bi-weekly payment was the monthly payment.

3.11    When the loan closed McCann was charged a loan origination fee payable to the broker of $7,020.00 instead of the previously agreed amount of $2,808.00 which was $4,212.00 more (150% increase); the loan discount fee paid to the Lender was reduced to $2,106.00 which was $3,510.00 less; and, a lender underwriting fee dropped from by $600.00 dollars.

3.12    Quality Loan Servicing and Chase are now threatening foreclosure and have set a sell date for January 8, 2009.

3.13    Quality caused to be mailed and posted a notice of trustee sale but failed to serve a Notice of Foreclosure with a copy of the Note and Deed of Trust as required by RCW 61.24.040(2).

3.14    Neither Quality nor Chase has produced evidence that Chase is the holder of the Note securing the transaction.

Complaint for, Fraud, Misrepresentation, Reformation     Page 3
Breach of Contract, Injunction

LAW OFFICES OF JOHN A. LONG
22525 SE 64th Pl.
Second Floor
Issaquah, WA. 98027
Ph (425) 427-9660  Fax 888-735-6513

## 4. FIRST CAUSE OF ACTION CAUSE OF ACTION
(Intentional Misrepresentation)

4.1   Plaintiff incorporates herein all the previous allegations.

4.2   At the time of the initial disclosures Defendant Chase knew that the discount points payable to the lender were greatly inflated in order to induce McCann into believing it was the best loan available and necessary to pay in order to achieve the monthly loan payments which were deceptively stated as bi-weekly to mislead them into believing they would be able to afford the payments.

4.3   The loan officer also stated that the loan rate and terms were the best available; that the discount was necessary to achieve the desired monthly payments; and, his fee was fair and reasonable for the services rendered.

4.4   Less than 30 days from the initial application and disclosure of fees and charges the loan was closed.

4.5   At closing, the broker fees increased by 150% and the discount points were dramatically reduced along with other lender fees which made the overall costs to McCann total approximately the same as the original estimate so as not to alert the McCann's to the increase in broker fees.

4.6   McCann reasonably believing they had obtained the originally offered loan on the original terms proceeded to close.

4.7   The shifting of the fees from Lender to Broker enabled the Broker to obtain an unearned fee without drawing attention to the excessive fees by keeping the overall fees and charges close to the original quote.

Complaint for, Fraud, Misrepresentation, Reformation   Page 4
Breach of Contract, Injunction

LAW OFFICES OF JOHN A. LONG
22525 SE 64th Pl.
Second Floor
Issaquah, WA. 98027
Ph (425) 427-9660   Fax 888-735-6513

4.8     Chase was aware of the original quote and the actual loan discount and yet instructed the escrow agent to proceed to close and authorized the excessive fees and charges.

4.9     As a consequence McCann was placed into a higher loan rate than they could have actually obtained if the discount points had been paid in stead of shifting the allocated amount to excessive origination fees.

4.10    No additional good and services were provided in consideration for the 150% increase in fees paid to the broker.

4.11    McCann has been damaged by this bait and switch tactic by the amount of the increased origination fees paid; and, by the payment of a higher interest rate than otherwise would have been obtained by paying the money toward discount according to proof at trial.

## 5. SECOND CAUSE OF ACTION CAUSE OF ACTION
### (Negligent Misrepresentation)

5.1     Plaintiff incorporates herein all the prior allegations.

5.2     Chase, in the ordinary exercise of care expected of a mortgage lender knew of or should have known of the misrepresentations made in the McCann loan.

5.3     By failing to exercise ordinary care, McCann has been damages according to proof at trial.

## 6. THIRD CAUSE OF ACTION CAUSE OF ACTION
### Illegal Kickback

6.1     Plaintiff incorporates herein all the prior allegations.

6.2     Federal law prohibits Chase and the broker from paying or accepting a payment for the referral of a mortgage loan unless the payment is reasonable compensation for good and services provided.

Complaint for, Fraud, Misrepresentation, Reformation    Page 5
Breach of Contract, Injunction

LAW OFFICES OF JOHN A. LONG
22525 SE 64th Pl.
Second Floor
Issaquah, WA. 98027
Ph (425) 427-9660  Fax 888-735-6513

6.3 The broker increased its origination fee by 150% without doing or providing any additional services which constitutes an unearned fee and Kick Back.

6.4 Pursuant to 12 USC 2607 (8) (d) (2) and (5) Chase is liable to McCann for actual damages; three times the amount of the illegal payments; and costs and attorney fees.

## 7. FOURTH CAUSE OF ACTION CAUSE OF ACTION
### Consumer Protection Act Violation

7.1 Plaintiff incorporates herein all the prior allegations..

7.2 The actions complained of herein are part of pattern and practice by Defendant Chase done in the course of trade or business in dealing with the public.

7.3 Chase engaged in an unfair and deceptive business practice that caused damages to the Plaintiffs and is in violation of the Washington State Consumer Protection Act.

7.4 Plaintiffs are entitled to have each damage claim proven be trebled up to the statutory maximum and attorneys pursuant to the Act.

## 8. FIFTH CAUSE OF ACTION CAUSE OF ACTION
### Breach of Contract

8.1 Plaintiff incorporates herein all the prior allegations.

8.2 McCann entered into an agreement whereby they were to pay an origination fee of $2,808.00 to obtain the best available loan; and, further had agreed to pay $5,616.00 to reduce the loan rate on the best available loan in order to make payments more affordable and reduce amount paid as interest.

8.3 The only condition to the loan offered was it's availability at the time of closing and qualifying for the loan.

8.4 McCann qualified for the loan and was not informed that the loan was not available and proceeded to close believing they had obtained the loan they contracted to obtain.

Complaint for, Fraud, Misrepresentation, Reformation    Page 6
Breach of Contract, Injunction

LAW OFFICES OF JOHN A. LONG
22525 SE 64th Pl.
Second Floor
Issaquah, WA. 98027
Ph (425) 427-9660  Fax 888-735-6513

8.5   In fact, they did not obtain the loan product they believed they purchased.

8.6   Instead, the fees to be paid to discount the loan to the most favorable rate $5,616.00 could buy were misappropriated. $3,510.00 was redirected to an unearned origination fee.

8.7   In addition, the origination fee was also increase by another $702.00.

8.8   Defendant Chase agreed to provide the loan pursuant to the contract and knew the terms of the original agreement; that no additional services were being provided for the increase in charges; and, that the full $5,616.00 was not be applied to discount the loan product.

8.9   McCann has been damaged by the breach of the agreement by the additional consideration paid for loan origination for which there was no agreement and by the loss of a more favorable interest rate.

## 9. SIXTH CAUSE OF ACTION
### Reformation of Note

9.1   McCann incorporates all prior allegations.

9.2   By reason of the foregoing, McCann is entitled to reformation of the note to reflect an interest rate and payment equal to the loan McCann should had obtained had the discount points been properly applied.

## 10. SEVENTH CAUSE OF ACTION
### Rescission of Note

10.1   McCann incorporates all prior allegations.

10.2   In the event the note cannot be reformed to reflect the rate available at the time of closing then McCann is entitled to rescind the note on the basis of material breach preventing McCann from receiving the benefits intended by the transaction.

Complaint for, Fraud, Misrepresentation, Reformation   Page 7
Breach of Contract, Injunction

LAW OFFICES OF JOHN A. LONG
22525 SE 64th Pl.
Second Floor
Issaquah, WA. 98027
Ph (425) 427-9660   Fax 888-735-6513

## 11. EIGHTH CAUSE OF ACTION
### Injunction to Prevent Trustee Sale

11.1   McCann incorporates all prior allegations.

11.2   The McCann personal residence that he has had for years will be sold on January 8, 2010 if the sale is not restrained by the court.

11.3   McCann is entitled to off-set against any amounts owed to Chase the excessive interest paid since inception of the loan.

11.4   McCann is entitle to reformation of the note to an interest rate that was available at the time of loan closing had the discount points been properly applied.

11.5   Should the property be sold McCann will suffer permanent and irreparable injury by the loss of their personal residence.

11.6   McCann was not served with a Notice of Foreclosure pursuant to RCW 61.24.040(2) which requires Defendants Quality and Chase to attach a true and correct copy of the Note securing the obligation of Plaintiffs.

11.7   Because of the failure to attach a copy of the Note Plaintiffs cannot determine whether Chase is in fact the holder of the original promissory note and entitled to foreclose and has been further prejudiced in preparation of its defense to foreclosure by the failure to provide all the information required by the statutorily mandated disclosure.

11.8   McCann is entitled to a temporary and permanent injunction to the sale.

WHEREFORE, Plaintiff prays for the following:

1. Reimbursement for all interest paid on the Loan from inception to date of reformation.

2. Reimbursement of all loan costs incurred to obtain the loan.

Complaint for, Fraud, Misrepresentation, Reformation   Page 8
Breach of Contract, Injunction

LAW OFFICES OF JOHN A. LONG
22525 SE 64th Pl.
Second Floor
Issaquah, WA. 98027
Ph (425) 427-9660   Fax 888-735-6513

3. Treble the amount of money paid by Chase since no additional goods or services was provided in consideration for the payment pursuant to 24 CFR 3500.14 and 24 CFR 3500.19.

4. Attorney fees and costs pursuant to 24 CFR 3500.14 and 24 CFR 3500.19 for payment of a kickback.

5. Treble damages as allowable under the Consumer Protection Act.

6. Attorney fees and costs pursuant to the Washington Consumer Protection Act; and,

7. Such other and further relief as the court deems just and proper.

DATED: December 29, 2009

Law Offices of John A. Long

By: John A. Long, WSBA 15119

Complaint for, Fraud, Misrepresentation, Reformation   Page 9
Breach of Contract, Injunction

LAW OFFICES OF JOHN A. LONG
22525 SE 64th Pl.
Second Floor
Issaquah, WA, 98027
Ph (425) 427-9660   Fax 888-735-6513